**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **STUART TAYLOR,**<br><br>Plaintiff,<br><br>v.<br><br>**KUM & GO, L.C., and TRACY GING**<br><br>Defendants. | **Civil Action No. 4:25-CV-00467**<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1141(b) and 1446(a), Defendants Kum & Go, L.C., and Tracy Ging ("Defendants") hereby remove this action from the Iowa District Court for Polk County to the United States District Court for the Southern District of Iowa, Central Division. In support of this removal, Defendants state:

## INTRODUCTION

1. On August 15, 2025, Plaintiff Stuart Taylor ("Plaintiff") filed this action in the Iowa District Court for Polk County, Law No. LACL163507, against Defendants Kum & Go, L.C., and Tracy Ging. Plaintiff alleges a claim for gender discrimination in termination of his employment, in alleged violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

2. Defendants, through their undersigned counsel, accepted service of Plaintiff's Original Notice and Petition on October 24, 2025, and filed an acceptance of service in the state court case on that same day.

3. Accordingly, this notice of removal is filed within thirty days after Defendants have been served with the Original Notice and Petition and Jury Demand. 28 U.S.C. § 1446(b)(1).

4. The United States District Court for the Southern District of Iowa, Central Division, is the federal judicial district encompassing Polk, County, Iowa. Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

## SUBJECT MATTER JURISDICTION: DIVERSITY OF CITIZENSHIP

5. Defendants' basis for removal to federal court is diversity of jurisdiction pursuant to 28 U.S.C. § 1332, because: (1) there is complete diversity of citizenship between Plaintiff and Defendants, Kum & Go, L.C. and Tracy Ging; and (2) the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

6. Plaintiff is an individual, and on information and belief, is a citizen of the State of Louisiana. (*See* Exhibit C, State Court Pleadings, p. 1, Petition ¶3).

7. Defendant Tracy Ging is an individual and is a resident and citizen of the State of North Carolina. *See* Exhibit A, Declaration of Tracy Ging.

8. Defendant Kum & Go, L.C., is a limited liability company organized under the laws of Iowa. *See* Exhibit B, Declaration of Paul M. Jones ¶ 3. Kum & Go, L.C. has one member, Maverik Palace Acquisition Co., LLC ("MPAC"). *See* Exhibit B, Declaration ¶3.

9. MPAC is a limited liability company organized under the laws of Delaware. *See* Exhibit B, Declaration ¶ 4. MPAC has one member, Maverik Palace Holdings, LLC ("MPH"). *See* Exhibit B, Declaration ¶4.

10. MPH is a limited liability company organized under the laws of Delaware. *See* Exhibit B, Declaration ¶ 5. MPH has one member, MKG Operating Holdings, LLC ("MKGOH"). *See* Exhibit B, Declaration ¶5.

11. MKGOH is a limited liability company organized under the laws of Delaware. *See* Exhibit B, Declaration ¶6. MKGOH has one member, FJ Management Inc. *See* Exhibit B, Declaration ¶6.

12. FJ Management Inc. is a corporation organized under the laws of Utah, with its principal place of business in Utah. *See* Exhibit B, Declaration ¶7. Therefore, the citizenship of Kum & Go that matters for diversity jurisdiction purposes are Delaware and Utah.

13. A limited liability company is a citizen of any state of which its members are citizens. *Great River Entertainment, LLC v. Zurich Amer. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023); *Fairfield Castings, LLC v. Hofmeister*, 112 F. Supp. 3d 850, 853 (S.D. Iowa 2015). But unlike a corporation, which is deemed to be a citizen of both its state of incorporation and the state of its principal place of business[1], the states of organization and principal place of business of a limited liability company are legally irrelevant for diversity of citizenship and subject matter jurisdiction purposes. *Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 634 – 635 (8th Cir. 2022).

14. Thus, as established above, Kum & Go, L.C., is a citizen of the States of Delaware and Utah for diversity of citizenship and subject matter jurisdiction purposes. As Plaintiff is a citizen of Louisiana and Defendant Ging is a citizen of North Carolina, complete diversity of citizenship exists.

---

[1] The "principal place of business" of a corporation is generally the corporation's headquarters (i.e., the corporation's "center of direction, control, and coordination" by the corporation's officers). See 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

**SUBJECT MATTER JURISDICTION: AMOUNT IN CONTROVERSY**

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, exclusive of interest and costs.

16. Plaintiff alleges he is entitled to damages for "compensatory relief, lost wages and benefits, reasonable attorney fees, [and] court costs," but does not specify the dollar amount of damages he alleges he has sustained in this action. (*See* Exhibit C, State Court Pleadings, Petition at ¶53).

17. Pursuant to Local Rule 81(a)(4), "[w]hen a civil case is removed to the court from a state court based on diversity of citizenship under 28 U.S.C. § 1332, if the petition filed in state court does not, on its face, indicate either the required diversity of citizenship or the required amount of controversy, the removing party must include in the notice of removal a statement of the facts that demonstrate satisfaction of these jurisdictional requirements."

18. Based on these allegations, if proven, a fact finder could legally conclude that the Plaintiff suffered damages greater than $75,000. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (removing party meets its burden of proof if "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.").

   A. *Lost Wages.*

19. Regarding damages for lost wages, Plaintiff was employed by Defendant Kum & Go and was paid an annual salary in excess of $260,000. *See* Exhibit B, Declaration ¶8.

20. Plaintiff's employment with Defendant ended on April 20, 2023. Presumably, Plaintiff alleges a loss of wages of at least one year, and possibly in the amount of approximately $500,000 in the roughly two years and four months following his termination.

B.  *Attorney's Fees and Expenses.*

21.  The Iowa Civil Rights Act permits recovery of attorney's fees separate and apart from court costs. See Iowa Code §§ 216.15, 216.16 (permitting recovery of "damages for an injury caused by the discriminatory or unfair practice which damages shall include but are not limited to actual damages, court costs, and reasonable attorney fees."). In other words, unlike claims for attorneys' fees awarded under Title VII, which are characterized as taxable costs (and thus excluded from the amount in controversy for diversity purposes), claims for attorneys' fees awarded under the Iowa Civil Rights Act are characterized under that statute as an item of recoverable damages. *Id.*

22.  "Items that may be included in the calculation of the amount in controversy include …. attorney's fees." *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1101 (S.D. Iowa 2010). Further, "[t]he Eighth Circuit has recognized that, when measuring attorney's fees for amount in controversy purposes, courts should consider future fees and not just those incurred as of the date of removal. *Voice of Christ Ministries v. Bhd. Mut. Ins. Co.*, No. 322CV00061SHLWOK, 2023 WL 9059670, at *4 (S.D. Iowa Nov. 1, 2023).

23.  The Court can therefore consider Plaintiff's future attorney's fees when calculating the amount in controversy for removal purposes. Plaintiff therefore, has alleged an amount in controversy in excess of $75,000.

C. *Emotional Distress*

25.  The Court can consider Plaintiff's allegation he has suffered damage from emotional distress for purposes of the amount in controversy requirement. *See, e.g., Wiemers v. Good*

*Samaritan Soc'y*, 212 F. Supp. 2d 1042, 1046 (N.D. Iowa 2002) (including Plaintiff's allegation of emotional distress damages in calculation for amount-in-controversy); *see also Adelman's Truck Parts Corp. v. Jones Transp.*, 797 F. App'x 997, 1000 (6th Cir. 2020) (finding amount in controversy requirement satisfied where "[Plaintiff] claims that at the time of removal, his monetary damages were $46,057" and "also sought emotional distress damages, punitive damages, reasonable attorney fees and treble damages").

26.  When determining the amount to value an allegation of emotional distress damages for purposes of evaluating the amount in controversy, the Court can consider prior emotional distress awards in similar cases. *See Owuor v. Wal-Mart Assocs., Inc.*, No. 221CV02232KJMJDP, 2022 WL 1658738, at *3 (E.D. Cal. May 25, 2022) ("Emotional distress damages may be considered in determining the amount in controversy. . . . To establish probable emotional distress and punitive damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts."); *Shirk v. Gonzales*, No. 17-CV-1129 MCA/KK, 2018 WL 2411601, at *4 (D.N.M. May 29, 2018) ("In order to make a reasonable estimate of the amount of emotional distress damages in controversy, the Court considers verdict amounts for emotional distress damages in similar cases.

27.  In recent discrimination and retaliation cases in Iowa courts located by the undersigned, emotional distress awards in employment discrimination and retaliation cases have ranged in excess of $75,000. See Exhibit D, *Boss v. City of Dubuque et al.,* Dubuque County Case No. LACV111210 (Feb. 18, 2022) (jury verdict awarding $200,000 in emotional distress damages for sex discrimination and awarding $375,000 for sexual harassment claims); *see also Vroegh v. Iowa Dep't of Corr.*, 972 N.W.2d 686, 694–95 (Iowa 2022) (upholding jury verdict in sex

discrimination and gender identity discrimination case for $120,000 of past emotional distress damages).

*D. Plaintiff's Settlement Demand.*

24.     In addition, counsel for Plaintiff contacted Defendants' counsel before this lawsuit was filed to explore whether a resolution may be possible. Plaintiff provided an initial settlement demand of $462,500.00. The Court may properly consider this demand when evaluating whether the amount in controversy requirement has been met. *Bivens v. Geico Ins. Co.*, No. 4:24 CV 93 CDP, 2024 WL 1091793, at *2 (E.D. Mo. Mar. 12, 2024).

25.      Plaintiff therefore alleges an amount in controversy in excess of $75,000, exclusive of interest and costs, based on his claims for "compensatory relief, lost wages and benefits, reasonable attorney fees, [and] court costs." The Court therefore has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and the action may properly be removed to this Court pursuant to 28 U.S.C. § 1441(b).

## COMPLIANCE WITH LOCAL RULE 81(a)

26.     Pursuant to Local Rule 81(a), Defendants state:

    a.      Copies of Plaintiff's Original Notice, Petition, Jury Demand, and Defendants' Acceptance of Service, and Entry of Appearance of Counsel for Defendants and Stipulation for Extension of Time are filed as attachments to this Notice of Removal as Exhibit C. No further pleadings or orders have been filed in the Iowa District Court for Polk County.

    b.      No motions are pending in the Iowa District Court for Polk County.

  c. Complete contact information of counsel for Defendants is listed in in the signature block below. Complete contact information of counsel for Plaintiff is listed in the certificate of service below.

  d. The facts satisfying the jurisdictional requirements for removal are fully set forth in this Notice.

27. A copy of this Notice will be filed with the Iowa District Court for Polk County.

28. Pursuant to 28 U.S.C. § 1446(d), Defendants are giving written notice of their Notice of Removal to all parties to this litigation by filing a copy of this Notice of Removal with the Clerk of the Iowa District Court for Polk County and sending written notice via the Iowa District Court's EDMS system to counsel of record.

WHEREFORE, Defendants Kum & Go, L.C., and Tracy Ging, hereby give notice of the removal of the above-captioned matter from the Iowa District Court for Polk County to the United States District Court for the Southern District of Iowa, Central Division.

                */s/ Thomas M. Cunningham*
                Thomas M. Cunningham AT0001830
                Email: tmcunningham@nyemaster.com
                */s/ Brianna L. Long*
                Brianna L. Long AT0013958
                Email: blong@nyemaster.com
                */s/ Victoria L. Biggerstaff Egger*
                Victoria L. Biggerstaff Egger AT0015679
                Email: vegger@nyemaster.com
                NYEMASTER GOODE, P.C.
                700 Walnut Street, Suite 1600
                Des Moines, IA 50309
                Telephone: (515) 283-8176
                Facsimile: (515) 283-8045
                ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that on November 20, 2025, a true and correct copy of the foregoing pleading was filed with the Court and served on the following via operation of the Court's CM/ECF system:

Thomas J. Duff
Jim T. Duff
DUFF LAW FIRM, P.L.C.
4090 Westown Pkwy, Suite 102
West Des Moines, Iowa 50266
Phone: (515) 224-4999
Email: tom@tdufflaw.com
jim@tdufflaw.com
cc: wendy@tdufflaw.com
ATTORNEY FOR PLAINTIFF

                                             */s/ Thomas M. Cunningham*