UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **STUART TAYLOR,**<br><br>Plaintiff,<br><br>v.<br><br>**KUM & GO, L.C., and TRACY GING,**<br><br>Defendants. | Civil Action No. 4:25-CV- 00467<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Kum & Go, L.C., and Tracy Ging (hereafter "Defendants"), for their Answer to Plaintiff's removed Petition at Law and Jury Demand, allege and state:

## INTRODUCTION

1. Defendants admit Plaintiff is alleging claims under the Iowa Civil Rights Act, but deny any such claim is valid and deny the remainder of the allegations contained in paragraph 1 of the removed Petition.

2. Defendants admit only that venue is proper in this Court. Defendants deny the remainder of the allegations contained in paragraph 2 of the removed Petition.

## PARTIES

3. On information and belief, Defendants admit the allegations contained in paragraph 3 of the removed Petition.

4. Defendants deny the allegations contained in paragraph 4 of the removed Petition.

5. Defendants deny the allegations contained in paragraph 5 of the removed Petition.

6. Defendants deny that any facts alleged give rise to a cause of action in favor of Plaintiff, and deny the remainder of the allegations contained in paragraph 6 of the removed Petition.

## PROCEDURAL REQUIREMENTS

7. Defendants admit Plaintiff filed a complaint against Defendants with the Iowa Civil Rights Commission on or before June 9, 2023, but deny that Defendants engaged in any unlawful employment-related actions against Plaintiff, and deny the remaining allegations contained in paragraph 7 of the removed Petition.

8. Defendants admit the allegations of paragraph 8 of the removed Petition.

## FACTUAL BACKGROUND

9. Defendants admit Plaintiff began working for Kum & Go in 2018 as the Vice President of Business Insight and Analytics, and initially reported to Tanner Krause, who was serving as interim CMO. Defendants deny the remaining allegations of paragraph 9 of the removed Petition.

10. Defendants admit that Plaintiff served as Vice President of Food Services in an interim capacity while holding the Vice President of Business Insights and Analytics role. Defendants admit that Tanner Krause was the interim CMO until Ging was hired in June 2020. Defendants deny the remainder of the allegations contained in paragraph 10 of the removed Petition.

11. Defendants admit Krause designated Plaintiff as a "Shooting Star;" state that they are without information and knowledge sufficient to form a belief regarding Plaintiff's allegedly "uniformly positive experiences," and, accordingly, deny those allegations; and deny the remainder of the allegations contained in paragraph 11 of the removed Petition.

12. Kum & Go denies the allegations contained in paragraph 12 of the removed Petition. Ging denies the allegations in paragraph 12 of the removed Petition for lack of information sufficient to form a belief.

13. Kum & Go admits that the strategy was formalized in 2019, and denies the remaining allegations contained in paragraph 13 of the removed Petition. Ging denies the allegations in paragraph 13 for lack of information sufficient to form a belief.

14. Defendants admit the allegations contained in paragraph 14 of the removed Petition.

15. Defendants admit that Kum & Go management was determining whether to terminate Schamburger for performance issues at the time Ging was hired, assert that following Ging's hiring the decision was made to terminate Schamburger, and deny the remaining allegations contained in paragraph 15 of the removed Petition.

16. Defendants admit Plaintiff contributed to the development of a new business plan and deny the remaining allegations contained in paragraph 16 of the removed Petition.

17. Defendants admit that Plaintiff served as interim Vice President of Food Innovation, and deny the remaining allegations contained in paragraph 17 of the removed Petition.

18. Defendants deny the allegations contained in paragraph 18 of the removed Petition.

19. Defendants admit Plaintiff received a "meets expectations" overall performance review in 2022 for the year 2021. Defendants deny the remaining allegations contained in paragraph 19 of the removed Petition.

20. Defendants admit Kum & Go hired a female in the role of Vice President of Food Innovation with substantially more experience than Plaintiff. Defendants further assert Plaintiff

did not apply for the position. Defendants further deny the remaining allegations contained in paragraph 20 of the removed Petition.

21.     Defendants deny the allegations contained in paragraph 21 of the removed Petition.

22.     Defendants deny the allegations contained in paragraph 22 of the removed Petition.

23.     Defendants deny the allegations contained in paragraph 23 of the removed Petition.

24.     Defendants deny that Ging ever accused Taylor of being chauvinistic, and deny the remaining allegations contained in paragraph 24 of the removed Petition.

25.     Defendants admit the allegations contained in paragraph 25 of the removed Petition, and deny any inference that Ging accused any employees of discriminatory motives.

26.     Defendants deny the allegations contained in paragraph 26 of the removed Petition.

27.     Defendants deny the allegations contained in paragraph 27 of the removed Petition.

28.     Defendants deny the allegations contained in paragraph 28 of the removed Petition.

29.     Defendants deny the allegations contained in paragraph 29 of the removed Petition.

30.     Defendants deny Plaintiff made the request in "late June of 2022," admit that Kum & Go was preparing to expand into Utah and deny Kum & Go then had any stores in Utah, but admit the remaining allegations contained in paragraph 30 of the removed Petition.

31.     Defendants admit that they informed Plaintiff they decided not to sponsor his daughter's bicycle racing team because the event did not meet the criteria for a corporate sponsorship. Defendants deny the remaining allegations contained in paragraph 31.

32.     Defendants admit a presentation was given regarding corporate sponsorship strategy. Defendants deny the remaining allegations contained in paragraph 32 of the removed Petition.

33. Defendants deny the allegations contained in paragraph 33 of the removed Petition.

34. Defendants admit that Plaintiff confronted the Director regarding the decision not to sponsor his daughter's team by verbally badgering her and physically leaning forward in a confrontational manner in front of the group. Defendants deny the remaining allegations contained in paragraph 34 of the removed Petition.

35. Defendants deny the allegations contained in paragraph 35 of the removed Petition.

36. Defendants deny the allegations contained in paragraph 36 of the removed Petition.

37. Defendants deny the allegations contained in paragraph 37 of the removed Petition.

38. Defendants deny the allegations contained in paragraph 38 of the removed Petition.

39. Defendants deny the allegations contained in paragraph 39 of the removed Petition .

40. Defendants deny the allegations contained in paragraph 40 of the removed Petition.

41. Defendants deny the allegations contained in paragraph 41 of the removed Petition.

42. Defendants deny the allegations contained in paragraph 42 of the removed Petition.

43. Defendants deny the allegations contained in paragraph 43 of the removed Petition.

44. Defendants deny the allegations contained in paragraph 44 of the removed Petition.

45. Defendants admit that Ging terminated Plaintiff April 20, 2023, for performance reasons, and deny the remaining allegations contained in paragraph 45 of the removed Petition.

46. Defendants deny the allegations contained in paragraph 46 of the removed Petition.

47. Defendants deny the allegations contained in paragraph 47 of the removed Petition.

48. Defendants deny the allegations contained in paragraph 48 of the removed Petition.

## VIOLATION OF IOWA CODE CHAPTER 216 – GENDER DISCRIMINATION

49. In answer to paragraph 49 of the removed Petition, Defendants incorporate herein by reference their answers to paragraphs 1-48 above as if fully set forth herein.

50. Defendants deny the allegations contained in paragraph 50 of the removed Petition.

51. Defendants deny the allegations contained in paragraph 51 of the removed Petition.

52. Defendants deny the allegations contained in paragraph 52 of the removed Petition.

53. Defendants deny the allegations contained in paragraph 53 of the removed Petition.

## GENERAL DENIAL

Defendants deny any allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses without waiving Plaintiff's obligation to meet his burden of proof and without assuming a burden of proof not otherwise imposed by law:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's removed Petition fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants' actions in connection with Plaintiff's employment did not constitute gender discrimination, and all actions taken by Defendants in connection with Plaintiff's employment were taken for legitimate, non-discriminatory reasons.

## THIRD AFFIRMATIVE DEFENSE

The sole proximate cause, or a proximate cause, of Plaintiff's injuries and damages, if any, is the fault of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any damages by reason of the conduct alleged in the removed Petition, which Defendants specifically and expressly deny, Plaintiff has failed to take action, or has taken insufficient action, to mitigate those damages. Consequently, any damages suffered by Plaintiff must be reduced in an amount by which Plaintiff could have mitigated those damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff proves that gender-based discrimination was a motivating factor in the employment decisions regarding Plaintiff, which Defendants specifically, expressly, and unequivocally deny, then Plaintiff's claims under the Iowa Civil Rights Act are completely barred

or recovery is restricted because the same actions against and the same decisions regarding Plaintiff would have been taken in the absence of any alleged impermissible motivating factor, which Defendants deny.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that, after the imposition of any adverse employment action against Plaintiff, Defendants discovered or discover evidence in the course of its investigation or in the defense of this case that Plaintiff engaged in conduct for which Defendants would have terminated Plaintiff, Plaintiff's right to recover from the date of such discovery is barred.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks relief for alleged discriminatory conduct occurring more than 300 days prior to the filing of a charge of discrimination with the Iowa Civil Rights Commission, such allegations and any relief related to those allegations are barred by the statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks relief for alleged adverse employment actions not alleged in a charge of discrimination filed with the Iowa Civil Rights Commission, such allegations and any relief related to those allegations are barred for Plaintiff's failure to exhaust administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, release, accord and satisfaction, estoppel, or unclean hands.

Pending the conclusion of further discovery and investigation, Defendants respectfully reserve the right to plead other and additional affirmative defenses which may be necessary and proper to the full defense of this litigation.

-9-

WHEREFORE, having fully answered, Defendants Kum & Go, L.C., and Tracy Ging hereby pray the Court for its Order entering judgment in their favor and against Plaintiff on Plaintiff's removed Petition, for their costs, and for such other and further relief as the Court deems appropriate and just.

*/s/ Thomas M. Cunningham*
Thomas M. Cunningham AT0001830
Email: tmcunningham@nyemaster.com
*/s/ Brianna L. Long*
Brianna L. Long AT0013958
Email: blong@nyemaster.com
*/s/ Victoria L. Biggerstaff Egger*
Victoria L. Biggerstaff Egger AT0015679
Email: vegger@nyemaster.com

NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Facsimile: (515) 283-8045
ATTORNEYS FOR DEFENDANTS

-10-

## CERTIFICATE OF SERVICE

      I hereby certify that on November 20, 2025, a true and correct copy of the foregoing pleading was filed with the Court and served on the following via operation of the Court's CM/ECF system:

Thomas J. Duff  
Jim T. Duff  
DUFF LAW FIRM, P.L.C.  
4090 Westown Pkwy, Suite 102  
West Des Moines, Iowa 50266  
Phone: (515) 224-4999  
Email: tom@tdufflaw.com  
jim@tdufflaw.com  
cc: wendy@tdufflaw.com  
ATTORNEY FOR PLAINTIFF

                                */s/ Thomas M. Cunningham*